

# OFFICE OF STAN STANART
COUNTY CLERK, HARRIS COUNTY, TEXAS
CIVIL COURTS DEPARTMENT

May 24, 2018

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/24/2018 1:22:51 PM

CHRISTOPHER A. PRINE
Clerk

1st Court of Appeals
301 Fannin
Houston, Texas 77002

## LETTER OF ASSIGNMENT

Trial Court Docket Number: 1043486
Trial Court Number: County Civil Court at Law No. 1

**Style:**

| THE STATE OF TEXAS | VS. | CC TELGE ROAD L.P, A TEXAS LIMITED PARTNERSHIP |
|---|---|---|
| **APPELLANT(S)** | | **APPELLEE(S)** |

**Judge:** George Barnstone

**Appellant(s) Attorney:**
Glorieni Azeredo, #24077840
Anthony J. Blazi, #02475700
P.O. Box 12548
Austin, Texas 78711-2548
Phone: (512) 463-2004
Fax: (512) 936-0888
E-Mail: Glorieni.Azeredo@oag.texas.gov
E-Mail: Anthony.Blazi@oag.texas.gov

**Appellee(s) Attorney:**
Don C. Griffin, #08456975
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Phone: (713) 758-3508
Fax: (713) 615-5985
E-Mail: dgriffin@velaw.com

The State Of Texas, appellant, filed a Notice of Appeal on May 22, 2018 from the Final Judgment that was signed on February 21, 2018.

Motion for New Trial was filed by The State of Texas on March 23, 2018.

The Clerk's Record is due to your office on or before June 21, 2018.

Angeles Villafranca
Deputy Clerk
201 Caroline, Suite 300
Houston, Texas 77002
(713) 274-1336

5/22/2018 3:21 PM
Stan Stanart
County Clerk
Harris County

CAUSE NO. 1043486

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | CONDEMNATION PROCEEDING FILED |
| Plaintiff | § | |
| v. | § | COUNTY CIVIL COURT AT LAW NO. 1 |
| | § | |
| CC TELGE ROAD, L.P. , A TEXAS | § | |
| LIMITED PARTNERSHIP | § | |
| Defendant | § | HARRIS COUNTY, TEXAS |

## **NOTICE OF APPEAL**

TO THE CLERK OF THE COURT:

COMES NOW, the State of Texas, and gives this Notice of Appeal from the Judgment of

the Honorable George Barnstone, in the above captioned cause, signed on February 21, 2018.

This appeal is taken to the First or Fourteenth Court of Appeals District of Texas in

Houston.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

RANDALL K. HILL
Assistant Attorney General
Chief, Transportation Division

*/s/ Glorieni Azeredo*
GLORIENI AZEREDO
State Bar No. 24077840
Glorieni.Azeredo@oag.texas.gov
ANTHONY J. BLAZI
State Bar No. 02475700
Anthony.Blazi@oag.texas.gov
Assistant Attorneys General
Transportation Division

P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2004
(512) 936-0888 - Facsimile

ATTORNEYS FOR PLAINTIFF/APPELLANT,
THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of May 2018, I served a copy of *Notice of Appeal* on the following parties via electronic service and e-mail:

*Via Electronic Service
and E-Mail*

H. Dixon Montague
Don C. Griffin
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, Texas 77002

*Attorney for Defendant
CC TELGE ROAD, LP*

Chevron Corporation                        Via USPS Regular Mail
The Secretary of the State of Texas
Registered Agent
Statutory Documents Section-Citations Unit
1019 Brazos Street, Room 105
Austin, Texas 78701

/s/ Glorieni Azeredo
GLORIENI AZEREDO
Assistant Attorney General

2

**"CLOSED"**

CAUSE NO. 1043486

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY CIVIL COURT |
| | § | |
| VS. | § | AT LAW NO. 1 |
| | § | |
| CC TELGE ROAD, L.P., A TEXAS | § | |
| LIMITED PARTNERSHIP, ET AL. | § | HARRIS COUNTY, TEXAS |

SJC

In favor of D

## FINAL JUDGMENT

BE IT REMEMBERED that on January 9, 2018, the above-entitled and numbered cause was called to trial. Plaintiff, the State of Texas (hereinafter "the Plaintiff" or "the State") and Defendant CC Telge Road, L.P. (hereinafter "the Defendant" or "CC Telge") announced ready for trial. Defendant Tortuga Operating Company previously settled with Plaintiff and its compensation claim was severed into a separate case by Order to Sever entered on July 7, 2015. Defendants Gaither Petroleum Corporation and Americo Energy Resources, LLC previously settled with Plaintiff and their compensation claims were severed into a separate case by First Amended Order to Sever entered on August 16, 2017. Defendant Pelican Reserve Pipeline Company filed a Disclaimer of Interest on February 25, 2015. Defendants ExxonMobil Oil Corporation and Mobil Pipe Line Company filed a Disclaimer of Interest on July 23, 2014. Defendant Chevron Corporation as Successor in Interest to Texaco, Inc. did not appear for trial. Subsequent to the jury verdict, and before entry of Final Judgment, C. W. Finance Co. and Woodforest National Bank have filed Disclaimers of Interest in Condemnation Proceedings on February 13, 2018 and February 16, 2018, respectively.

### I.

From the pleadings filed in this case, the Court finds that all prior steps to condemn the Defendant's property were duly, legally, and timely performed; that all legal prerequisites for the trial of this cause by the Court were complied with by the parties; that this Court has subject

US 5550443v.1

matter jurisdiction to grant the State the relief it is requesting in its Petition for Condemnation; and that the only issue remaining in this cause to be tried by this Court is the amount of just compensation due to CC Telge as a result of the condemnation of part of CC Telge's property.

## II.

From the papers heretofore filed in this cause, the stipulations and agreements made, and the evidence introduced at trial, the Court finds as follows:

(1)     The State seeks to acquire for its State Highway 99 (Grand Parkway) Project, as provided in Title 6 of the TEXAS TRANSPORTATION CODE (Vernon 2011), all of the property described as Parcel 142 – Parts 1 and 2, and Parcel 142 Temporary Easement – Parts 1 and 2 in Exhibit "A" attached hereto and incorporated herein (hereinafter "the Property"), save and except the oil, gas and sulfur which can be removed from beneath the Property, without any right whatsoever of ingress and egress to or from the surface of the Property for the purpose of exploring, developing, drilling or mining of or for the same.

(2)     On June 4, 2014, the Special Commissioners appointed by the Court awarded Defendant, CC Telge, the amount of EIGHTEEN MILLION AND NO/100 DOLLARS ($18,000,000.00) in compensation.  The State and CC Telge timely filed Objections to the Award, and served the same on the parties pursuant to the requirements of law.  On June 24, 2014, the State deposited the amount of the Special Commissioner's Award into the Registry of the Court for the use and benefit of Defendant, establishing the "date of taking" in this case as June 24, 2014.  Subsequently, CC Telge withdrew the Special Commissioner's Award allocated to it in the amount of EIGHTEEN MILLION AND NO/100 DOLLARS ($18,000,000.00) from the Registry of the Court.

(3)     On January 9, 2018, this case came on for trial.  Only the State and CC Telge appeared and announced ready for trial.  The other Defendants—Woodforest National Bank;

- 2 -

US 5500443v.1

C.W. Finance Co., L.P; and Chevron Corporation as Successor in Interest to Texaco, Inc.—did not appear for trial. A qualified jury of six persons, with one alternate juror, was properly empaneled and duly sworn to serve in this case, but a mistrial was declared during the State's opening statement. Thereafter, another qualified jury of six persons, with one alternate juror, was properly empaneled on January 22, 2018. After nine days of trial, during which CC Telge and the State each presented evidence regarding the compensation due, the parties rested and argued their respective positions on compensation to the jury on the tenth day of trial.

(4)     Two compensation questions were submitted to the jury in accordance with the evidence and the law applicable thereto. Jury Question No. 1 asked for the difference between the market value of Defendant's Whole Property (613.675 acres) before the State's taking and the market value of Defendant's Remainder Property (573.345 acres) after the State's taking on June 24, 2014. Jury Question No. 2 asked for the market value of the temporary construction easements (1.73 acres) taken by the State as of June 24, 2014. On February 2, 2018, the jury returned a unanimous verdict, answering Jury Question No. 1 with the amount of TWENTY-EIGHT MILLION EIGHT HUNDRED FIFTY-TWO THOUSAND FIVE HUNDRED TWENTY-SIX AND NO/100 DOLLARS ($28,852,526.00) as the difference in market value of the Whole Property before the taking and the Remainder Property after the taking, and further apportioned this compensation amount as between the unplatted and platted land, as follows:

> TWENTY MILLION SIX HUNDRED TWELVE THOUSAND FIVE HUNDRED TWENTY-SIX AND NO/100 DOLLARS ($20,612,526.00) as the difference in market value before and after the State's taking of the unplatted land; and

> EIGHT MILLION TWO HUNDRED FORTY THOUSAND AND NO/100 DOLLARS ($8,240,000.00) as the difference in market value before and after the State's taking of the platted land.

Further, the jury answered Jury Question No. 2 with the amount of THIRTY THOUSAND FIVE HUNDRED FIFTEEN AND NO/100 DOLLARS ($30,515.00) as the market value of  the

- 3 -

US 5500443v.1

temporary construction easements. Accordingly, the amount of compensation to which CC Telge is entitled is TWENTY-EIGHT MILLION EIGHT HUNDRED EIGHTY-THREE THOUSAND FORTY-ONE AND NO/100 DOLLARS ($28,883,041.00), the sum of the jury's answers to Jury Question Nos. 1 and 2. On CC Telge's motion, the verdict was accepted by the Court and duly filed and entered among the records of the Court.

(5)     Judgment should be rendered for CC Telge on the jury's verdict of TWENTY-EIGHT MILLION EIGHT HUNDRED EIGHTY-THREE THOUSAND FORTY-ONE AND NO/100 DOLLARS ($28,883,041.00).

(6)     The State is entitled to a credit of EIGHTEEN MILLION AND NO/100 DOLLARS ($18,000,000.00) on the Judgment for the amount of the Award it previously deposited into the Court's Registry for Defendant's benefit, which amount was withdrawn by Defendant, leaving a balance owed to CC Telge of TEN MILLION EIGHT HUNDRED EIGHTY-THREE THOUSAND FORTY-ONE AND NO/100 DOLLARS ($10,883,041.00), plus prejudgment and post-judgment interest at the statutory rate.

(7)     The State should have and recover from Defendant fee simple title in and to the Property described as Parcel 142, Parts 1 and 2 in Exhibit "A," and temporary construction easements, described as Parcel 142 TE, Parts 1 and 2 in Exhibit "A," attached hereto, save and except there is excluded from said acquisition all the oil, gas, and sulphur which can be removed from said tracts—Parcel 142, Parts 1 and 2—without any right remaining to the owner of such oil, gas, and sulphur of ingress or egress to or from the surface of said land for the purpose of exploring, drilling, or mining of same.

(8)     The State shall pay all court costs to CC Telge within thirty (30) days of the filing of a Bill of Costs with the Court, and if not paid, interest on the Bill of Costs shall accrue at 5%

- 4 -

US 5500443v.1

per annum, compounded annually, from the date of this Final Judgment until paid in full. CC Telge has previously filed its Bill of Costs totaling SEVENTEEN THOUSAND ONE HUNDRED FIFTY-SIX AND 48/100 DOLLARS ($17,156.48).

## III.

It is, therefore:

ORDERED that the State have and recover from Defendant, CC Telge Road, L.P., fee simple title in and to the Property described as Parcel 142, Parts 1 and 2, and temporary construction easements, described as Parcel 142 TE, Parts 1 and 2, situated in Harris County, Texas, as more particularly described in Exhibit "A" attached hereto and incorporated herein, save and except the oil, gas and sulphur which can be removed from the Property, but with no right whatsoever remaining in the owners of such oil, gas and sulphur to utilize the surface of the Property in any manner for purposes of exploring, drilling, developing, or mining the same and, accordingly, the Court does hereby vest fee simple title in the Property described as Parcel 142, Parts 1 and 2 in Exhibit "A" subject to the mineral estate exclusions cited above, and temporary construction easements, described in Exhibit "A" as Parcel 142 TE, Parts 1 and 2, to the State for highway purposes, upon entry of this Final Judgment by the trial court.

It is further ORDERED that CC Telge have and recover from Plaintiff, the State of Texas, judgment of TWENTY-EIGHT MILLION EIGHT HUNDRED EIGHTY-THREE THOUSAND FORTY-ONE AND NO/100 DOLLARS ($28,883,041.00) on the jury's verdict for the taking in fee simple, subject to the mineral estate exclusions cited above, and by temporary easements of the Property described in Exhibit "A" and damages to CC Telge's remainder property.

It is further ORDERED that the State is entitled to a credit of EIGHTEEN MILLION AND NO/100 DOLLARS ($18,000,000.00) on the Judgment amount for the Special

- 5 -

US 5500443v.1

Commissioners' Award previously deposited by the State into the Registry of the Court for the use and benefit of CC Telge, and previously withdrawn by CC Telge.

It is further ORDERED that after applying the credit for the Award, CC Telge have and recover from the State the compensation balance due, before prejudgment interest, of TEN MILLION EIGHT HUNDRED EIGHTY-THREE THOUSAND FORTY-ONE AND NO/100 DOLLARS ($10,883,041.00).

It is further ORDERED that the State shall pay prejudgment interest at the annual statutory rate of 5% on the compensation balance due of TEN MILLION EIGHT HUNDRED EIGHTY-THREE THOUSAND FORTY-ONE AND NO/100 DOLLARS ($10,883,041.00) from June 24, 2014 to the date of this Judgment as of February 21, 2018 (1,337 days, or 3.663 years), which prejudgment interest totals ONE MILLION NINE HUNDRED NINETY-THREE THOUSAND TWO HUNDRED THIRTY-SIX AND 41/100 DOLLARS ($1,993,236.41), for a total compensation balance due from the State to CC Telge of TWELVE MILLION EIGHT HUNDRED SEVENTY-SIX THOUSAND TWO HUNDRED SEVENTY-SEVEN AND 41/100 DOLLARS ($12,876,277.41).

It is further ORDERED that pursuant to this Final Judgment, the total amount owed by the State to CC Telge is THIRTY MILLION EIGHT HUNDRED SEVENTY-SIX THOUSAND TWO HUNDRED SEVENTY-SEVEN AND 41/100 DOLLARS ($30,876,277.41) as of the date Final Judgment is entered which accounts for the jury verdict and prejudgment interest excluding the Bill of Costs.

It is further ORDERED that if the State fails to make payment in full of the total balance due of TWELVE MILLION EIGHT HUNDRED SEVENTY-SIX THOUSAND TWO HUNDRED SEVENTY-SEVEN AND 41/100 DOLLARS ($12,876,277.41) on or before the

- 6 -

US 5500443v.1

45th day after the date on which the Court signs this Judgment, by issuing a warrant in this amount made payable to CC Telge Road, L.P. and VINSON & ELKINS LLP delivered to Don C. Griffin, VINSON & ELKINS LLP, 1001 Fannin, Suite 2500, Houston, Texas 77002; the State shall pay to CC Telge post-judgment interest on such amount at the annual statutory rate of 5%, compounded annually from the date this Final Judgment is entered by the trial court until paid.

It is further ORDERED that all costs of court, totaling SEVENTEEN THOUSAND ONE HUNDRED FIFTY-SIX AND 48/100 DOLLARS ($17,156.48), be and the same are hereby adjudged against the State, and the State shall pay CC Telge's costs of court directly to CC Telge, through its counsel, within thirty (30) days of the filing of a Bill of Costs, and if not paid timely, post-judgment interest shall accrue on these costs of court at the annual statutory rate of 5%, compounded annually, from the date of this Final Judgment until paid.

It is further ORDERED that upon payment of the total compensation balance due of TWELVE MILLION EIGHT HUNDRED SEVENTY-SIX THOUSAND TWO HUNDRED SEVENTY-SEVEN AND 41/100 DOLLARS ($12,876,277.41), together with any post-judgment interest due (Judgment Amount), and the court costs due under this Final Judgment, the State shall be discharged of its constitutional obligation to pay just compensation to CC Telge for the Property acquired in this condemnation proceeding as described in Exhibit "A."

It is further ORDERED that Defendant, Chevron Corporation as Successor in Interest to Texaco, Inc., who has not filed a Disclaimer of Interest and who did not appear for trial, takes nothing pursuant to the terms of this Final Judgment. Any other Defendant identified in Plaintiff's Petition for Condemnation who was a Defendant in this case as of January 9, 2018, and who has not otherwise been identified by name in this Final Judgment shall take nothing.

US 5500443v.1

It is further ORDERED that the costs of court to be paid by the State shall be made payable to Vinson & Elkins, LLP, on behalf of CC Telge Road, L.P., and shall be delivered directly to Don C. Griffin, Vinson & Elkins, LLP, 1001 Fannin Street, Suite 2500, Houston, Texas 77002-6760.

It is further ORDERED that all relief not specifically granted herein is denied, and that this Judgment is final, and disposes of all claims as to all parties and is appealable.

SIGNED this _____ day of February, 2018.    FEB 2 1 2018

_____
JUDGE GEORGE BARNSTONE

FILED
2018 FEB 21 AM 10: 42
Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

- 8 -

US 5500443v.1

**APPROVED AS TO FORM AND SUBSTANCE:**

VINSON & ELKINS LLP

_____
Don C. Griffin
State Bar No. 08456975
*dgriffin@velaw.com*
Billy Coe Dyer
State Bar No. 06312580
*bdyer@velaw.com*
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone: 713.758.3508
Facsimile: 713.615.5985
***Attorneys for Defendant, CC Telge Road, L.P.***


**APPROVED AS TO FORM ONLY:**

KEN PAXTON
ATTORNEY GENERAL OF TEXAS


_____
Anthony J. Blazi
State Bar No. 02475700
*Anthony.blazi@oag.texas.gov*
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: 512.463.2004
Facsimile: 512.472.3855
***Attorney for Plaintiff, The State of Texas***

- 9 -

US 5500443v.1



County:         Harris
Highway:        SH 99 (Grand Parkway – Segment F-1)
Project Limits: South of US 290 to East of SH 249
RCSJ:           3510-06-005

PROPERTY DESCRIPTION FOR PARCEL 142 – Parts 1 and 2

Being a 40.33 acre (1,756,929 square feet) parcel of land situated in Harris County, Texas, located in the Stephen VanSickle Survey, Abstract Number 825, and the I. G. & N. Railroad Survey, Abstract Number 952, and being out of a called 617.6016 acre tract described as Tract One in that Special Warranty Deed with Vendor's Lien from Capital Farm Credit, FLCA, a Federal Land Credit Association to CC Telge Road, L P, executed April 28, 2010 and recorded in Clerk's File Number 20100175659 of the Official Public Records of Real Property of Harris County, Texas; said 40.33 acre parcel being more particularly described in two parts as follows:

PART 1
Being a 17.55 acre (764,556 square feet) parcel of land more particularly described as follows:

COMMENCING at a found 2 inch iron pipe which marks the southwest corner of a called 122.0685 acre tract described in that Warranty Deed from Betty Jean Doughtie to Betty Jean Doughtie, et al, executed February 8, 2010 and recorded in Clerk's File Number 20100051420 of the Official Public Records of Real Property of Harris County, Texas, in the existing north right-of-way line of Boudreaux Road (60 feet wide) (no record information found), and the southeast corner of a called 22.187 acre tract described in that Partition Deed from John Henry Ford and Ellis W. Ford to Elinor Ann Pyle, executed September 29, 1979 and recorded in Clerk's File Number G288157 of the Official Public Records of Real Property of Harris County, Texas; thence as follows:

North 02° 57' 44" West, along the west line of said called 122.0685 acre tract and the east line of said called 22.187 acre tract, passing at a distance of 1,545.45 feet the northeast corner of said called 22.187 acre tract, a southern exterior corner of said called 617.6016 acre tract, and continuing along the west line of said called 122.0685 acre tract and the east line of said called 617.6016 acre tract, a total distance of 1,853.23 feet to a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap which marks the proposed south right-of-way line of SH 99 (400 feet wide) being on an Access Denial Line and the POINT OF BEGINNING of the herein described parcel having surface coordinates of N=13,946,490.10 and E=3,027,346.88;

Exhibit "A"
Page 1 of 29


1.  THENCE, South 81° 26' 44" West, along the proposed south right-of-way line of said SH 99 and said Access Denial Line, and crossing said called 617.6016 acre tract, a distance of 154.92 feet to the beginning of a curve to the right in the proposed south right-of-way line of said SH 99; **

2.  THENCE, Westerly, continuing along the proposed south right-of-way line of said SH 99 and said Access Denial Line, crossing said called 617.6016 acre tract and along said curve to the right passing at an arc length of 408.88 feet, a point 200.00 feet right of Station 2925+00, and continuing a total arc length of 1,643.55 feet, having a central angle of 04° 04' 24", a radius of 23,118.32 feet, a chord bearing of South 83° 28' 56" West, and a chord distance of 1,643.21 feet to a point which marks the end of said curve to the right in the proposed south right-of-way line of said SH 99; **

3.  THENCE, South 41° 27' 07" West, continuing along the proposed south right-of-way line of SH 99 (variable width), said Access Denial Line and crossing said called 617.6016 acre tract, a distance of 50.30 feet to an angle point in the proposed south right-of-way line of said SH 99 and the end of said Access Denial Line; **

4.  THENCE, South 02° 37' 40" East, continuing along the proposed south right-of-way line of said SH 99 and crossing said called 617.6016 acre tract, a distance of 155.89 feet to a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap which marks the south line of said 617.6016 acre tract and the north line of said called 22.187 acre tract;

5.  THENCE, South 87° 00' 18" West, along the south line of said called 617.6016 acre tract and the north line of said called 22.187 acre tract, a distance of 30.25 feet to a point from which a found 2 inch iron pipe bears North 87° 00' 18" East a distance of 0.73' which marks the existing east right-of-way line of Telge Road (60 feet wide) for which no record was found in the Harris County Real Property Records;

6.  THENCE, North 02° 45' 45" West, along the existing east right-of-way line of said Telge Road and the west line of said called 617.6016 acre tract, a distance of 375.60 feet to an angle point in the existing east right-of-way line of said Telge Road;

Exhibit "A"
Page 2 of 29



7. THENCE, North 74° 05' 25" East, continuing along the existing east right-of-way line of said Telge Road and the west line of said called 617.6016 acre tract, a distance of 10.27 feet to a found 5/8 inch iron rod with cap which marks an angle point in the existing east right-of-way line of said Telge Road (80 feet wide) as described in that easement for road purposes from J. F. W. Koba, et al to the County of Harris, executed June 23, 1952 and recorded in Volume 2473, Page 450 of the Deed Records of Harris County, Texas;

8. THENCE, North 02° 45' 45" West, continuing along the existing east right-of-way line of Telge Road and the west line of said called 617.6016 acre tract, a distance of 76.68 feet to a found 5/8 inch iron rod with cap which marks the beginning of a curve to the left in the existing east right-of-way line of said Telge Road;

9. THENCE, Northerly, continuing along the existing east right-of-way line of said Telge Road and the west line of said called 617.6016 acre tract, along said curve to the left having a central angle of 44° 59' 54", a radius of 756.78 feet, an arc length of 594.35 feet, a chord bearing of North 25° 21' 16" West, and a chord distance of 579.19 feet to a point which marks the end of said curve to the left;

10. THENCE North 47° 53' 01" West, continuing along the east right-of-way line of said Telge Road, and the west line of said called 617.6016 acre tract, a distance of 211.65 feet to a found 5/8" iron rod which marks the beginning of a curve to the right;

11. THENCE, Northwesterly, continuing along the existing east right-of-way line of said Telge Road and the west line of said called 617.6016 acre tract, along said curve to the right having a central angle of 03° 52' 41", a radius of 676.78 feet, an arc length of 45.81 feet, a chord bearing of North 45° 44' 11" West, and a chord distance of 45.80 feet to a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap which marks the end of said curve to the right and the proposed north right-of-way line of said SH 99; **

12. THENCE, North 47° 44' 03" East, departing the existing east right-of-way line of said Telge Road, along the proposed north right-of-way line of said SH 99 and crossing said called 617.6016 acre tract, a distance of 12.95 feet to a point which marks the beginning of a curve to the left; **

Exhibit "A"
Page 3 of 29



13. THENCE, Southeasterly, continuing along the proposed north right-of-way line of said SH 99 and crossing said called 617.6016 acre tract, along said curve to the left having a central angle of 05° 34' 54", a radius of 719.79 feet, an arc length of 70.12 feet, a chord bearing of South 45° 03' 24" East, and a chord distance of 70.09 feet to a point which marks the end of said curve to the left in the proposed north right-of-way line of said SH 99; **

14. THENCE, South 50° 54' 51" East, continuing along the proposed north right-of-way line of said SH 99 and crossing said called 617.6016 acre tract, a distance of 186.93 feet to a point which marks the beginning of a curve to the right in the proposed north right-of-way line of said SH 99; **

15. THENCE, Southeasterly, continuing along the proposed north right-of-way line of said SH 99 and crossing said called 617.6016 acre tract, along said curve to the right having a central angle of 32° 18' 09", a radius of 776.78 feet, an arc length of 437.94 feet, a chord bearing of South 31° 41' 47" East, and a chord distance of 432.16 feet to a point which marks the end of said curve to the right in the proposed north right-of-way line of said SH 99 and the beginning of an Access Denial Line; **

16. THENCE, South 54° 13' 56" East, continuing along the proposed north right-of-way line of said SH 99, said Access Denial Line and crossing said called 617.6016 acre tract, a distance of 54.23 feet to a point which marks the beginning of a curve to the left in the proposed north right-of-way line of said SH 99; **

17. THENCE, Easterly, continuing along the proposed north right-of-way line of SH 99 (400 feet wide) and said Access Denial Line, crossing said called 617.6016 acre tract and along said curve to the left, passing at an arc length of 1,212.82 feet, a point 200.00 feet left of Station 2925+00, and continuing for a total arc length of 1,614.62 feet, having a central angle of 04° 04' 20", a radius of 22,718.32 feet, a chord bearing of North 83° 28' 54" East, and a chord distance of 1,614.28 feet to a point which marks the end of said curve to the left in the proposed north right-of-way line of said SH 99; **

18. THENCE, North 81° 26' 44" East, continuing along the proposed north right-of-way line of said SH 99 and said Access Denial Line and crossing said called 617.6016 acre tract, a distance of 194.08 feet to a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap which marks the east line of said called 617.6016 acre tract and the west line of said called 122.0685 acre tract;

Exhibit "A"
Page 4 of 29



19.    THENCE, South 02° 57' 44" East, along the most southerly east line of said called 617.6016 acre tract and the west line of said called 122.0685 acre tract, a distance of 401.91 feet to the POINT OF BEGINNING and containing 17.55 acres (764,556 square feet) of land.


PART 2
Being a 22.78 acre (992,373 square feet) parcel of land more particularly described as follows:

COMMENCING at a found 1/2 inch iron rod which marks the most southerly southwest corner of said called 617.6016 acre tract in the east line of a called 106.296 acre tract described in that Warranty Deed with Vendor's Lien from Glen Buss to Jeffrey C. Holverson, executed November 25, 2003 and recorded in Clerk's File Number X221037 of the Official Public Records of Real Property of Harris County, Texas; thence as follows:

North 02° 58' 45" West, along the most southerly west line of said called 617.6016 acre tract and the east line of said called 106.296 acre tract, a distance of 856.93 feet to a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap which marks the proposed south right-of-way line of SH 99 (variable width), an Access Denial Line and the POINT OF BEGINNING of the herein described parcel having surface coordinates of N=13,946,767.64 and E=3,029,596.31;

1.    THENCE, North 02° 58' 45" West, along the proposed right-of-way line of said SH 99 and said Access Denial Line, the most southerly west line of said called 617.6016 acre tract and the east line of said called 106.296 acre tract, passing at a distance of 60.32 feet a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap marking an angle point in the proposed south right-of-way line of said SH 99 and said Access Denial Line, continuing along the most southerly west line of said called 617.6016 acre tract and the east line of said called 106.296 acre tract for a total distance of 462.08 feet to a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap for corner being on an Access Denial Line and being a point of a curve to the right in the proposed north right-of-way line of said SH 99;

2.    THENCE, Easterly, along the proposed north right-of-way line of said SH 99 and said Access Denial Line, crossing said called 617.6016 acre tract and along said curve to the right, passing at an arc length of 131.22 feet, a point 200.00 feet left of Station 2955+00, and continuing for a total arc length of 478.70 feet, having a central angle of 01° 11' 11", a radius of 23,118.32 feet, a chord bearing of North 82° 18' 17" East, and a chord distance of 478.69 feet to an angle point in the proposed north right-of-way line of said SH 99 and said Access Denial Line;**

Exhibit "A"
Page 5 of 29


3.     THENCE, North 03° 31' 17" East, continuing along the proposed north right-of-way line of said SH 99, said Access Denial Line and crossing said called 617.6016 acre tract, a distance of 180.28 feet to an angle-point-in-the-proposed north right=of-way line of said SH 99 and said Access Denial Line;**

4.     THENCE, North 89° 21' 59" East, continuing along the proposed north right-of-way line of said SH 99, said Access Denial Line and crossing said called 617.6016 acre tract, a distance of 70.18 feet to an angle point in the proposed north right-of-way line of said SH 99 and said Access Denial Line;**

5.     THENCE, South 03° 31' 17" West, continuing along the proposed north right-of-way line of said SH 99, said Access Denial Line and crossing said called 617.6016 acre tract, a distance of 172.35 feet to an angle point in the north right-of-way line of said SH 99, said Access Denial Line, and the beginning of a curve to the right;**

6.     THENCE, Easterly, along the proposed north right-of-way line of said SH 99 and said Access Denial Line, crossing said called 617.6016 acre tract and along said curve to the right, passing at an arc length of 1,094.42 feet, a point 200.00 feet left of Station 2970+00 and continuing for a total arc length of 1,382.91 feet, having a central angle of 03° 25' 38", a radius of 23,118.32 feet, a chord bearing of North 84° 47' 17" East, and a chord distance of 1,382.70 feet to a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap on the most southerly east line of said 617.6016 acre tract and the west line of a 40 foot wide tract of land sometimes referred to as the Boudreaux Road Outfall and described as a called 3.2882 acre tract in that Right-of-Way Deed from H. M. Stallones and wife, Dema Lucille Stallones to the County of Harris, executed August 22, 1963 and recorded in Clerk's File B762066 of the Deed Records of Harris County, Texas;

7.     THENCE, South 03° 06' 46" East, along the most southerly east line of said called 617.6016 acre tract and the west line of said called 3.2882 acre tract, a distance of 456.98 feet to an angle point in the most southerly east line of said called 617.6016 acre tract;

8.     THENCE, South 02° 59' 26" East, continuing along the most southerly east line of said called 617.6016 acre tract and the west line of said called 3.2882 acre tract, a distance of 180.77 feet to a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap in the proposed south right-of-way line of said SH 99, and being on an Access Denial Line;

Exhibit "A"
Page 6 of 29



9.  THENCE, North 84° 40' 07" East, along the proposed south right-of-way line of said SH 99, passing at a distance of 279.72 feet, a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap set 393.04 feet right of Station 2970+00 and continuing for a total distance of 1,062.68 feet to a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap marking an angle point in the proposed right-of-way line of said SH 99;**

10. THENCE, South 82° 04' 15" East, continuing along the proposed south right-of-way line of said SH 99, passing at a distance of 711.25 feet, a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap set 260.80 feet right of Station 2955+00 and continuing for a total distance of 882.62 feet to the POINT OF BEGINNING and containing 22.78 acres (992,373 square feet) of land. **

Exhibit "A"
Page 7 of 29



Notes:

All bearings and coordinates are based on the Texas State Plane Coordinate System, South Central Zone, North American Datum of 1983; 1993 adjustment. All distances and coordinates shown are surface and may be converted to grid by dividing by a combined adjustment factor of 1.00013.

A parcel plat of even date was prepared in conjunction with this property description.

** The monument described and set in this call may be replaced with a Texas Department of Transportation Type II right-of-way marker upon completion of the highway construction project under the supervision of a Registered Professional Land Surveyor, either employed or retained by the Texas Department of Transportation. Most 5/8 inch iron rod with a Texas Department of Transportation aluminum cap monuments within Parcel 142 Part 1 and Part 2 along proposed right-of-way lines and baseline were not set due to Right-of-Entry Denial.

Access is prohibited across the Access Denial Line to the highway facility from the remainder of the property abutting SH 99.

Parcel 142 Part 1 containing 17.55 acres within the Stephen VanSickle Survey, Abstract Number 825.
Parcel 142 Part 2 containing 22.78 acres within the I. G. & N. Railroad Survey, Abstract Number 952.

Revised April, 2013 to add Title Commitment Note to parcel plat and modified Access Denial Line for Parcel 142 Part 2.
Revised July 2012 to decrease taking for 142 Part 1 and increase taking for 142 Part 2

I, Ruben A. Calderon, hereby certify that the above description is true and correct and depicts a survey made on the ground under my supervision during the months of July to September 2011.

Ruben A. Calderon, RPLS        6/20/13
Texas Registration Number 5109

RODS Surveying Inc.
6810 Lee Road
Spring, Texas 77379
Phone (281)-257-4020



Exhibit "A"
Page 8 of 29





STEPHEN VANSICKLE
SURVEY A-825

I. G. & N. RAILROAD SURVEY
A-952

PROPOSED BASELINE
SH 99 (400' ROW)

SCALE 1" = 100'

0'   100'   200'   300'

N 81° 26' 44" E

CC TELGE ROAD, LP.
(TRACT 1)CALLED 617.6016 ACRES
HCCF 20100175659
APRIL 28, 2010
O.P.R.R.P.H.C.

142 PART1

POB PARCELS 142 PART1
N=13,946,490.10
E= 3,027,346.88
STA=2930+60.26
O/S=200.60' RT

BETTY JEAN DOUGHTIE, ET AL
CALLED 122.0685 ACRES
HCCF 20100051420
FEBRUARY 8, 2010
(UNDIVIDED .4166 INTEREST)
O.P.R.R.P.H.C.

CALLED 122.0685 ACRES SUBJECT TO

MAGNOLIA PIPE LINE COMPANY
BLANKET PIPELINE EASEMENT
VOL 928, PG 599, D.R.H.C.
AUGUST 1, 1933

HUMBLE OIL & REFINING COMPANY
BLANKET PIPELINE EASEMENT
VOL 966, PG 352, D.R.H.C.
JUNE 14, 1934

PROPOSED ROW & ACCESS DENIAL LINE

PARCEL PLAT
SHOWING
PARCEL 142 PART 1
HARRIS COUNTY
SH 99
(GRAND PARKWAY-SEGMENT F-1)
RCSJ 3510-06-005
DECEMBER, 2011
SCALE: 1" = 100'

PARCEL 142 PARTS 1 & 2
ROW MONUMENTS
UNABLE TO SET DUE TO
RIGHT OF ENTRY DENIAL

PROPOSED BASELINE
PI STA = 2916+86.36
N = 13,946,483.17
E = 3,025,956.24
D = 06° 06' 02" LT.
R = 22,918.32'
T = 1,221.26'
L = 2,440.26'
CHB = N 84° 29' 46" E
CHD = 2,438.11'
PC STA = 2904+65.08
PT STA = 2929+05.34

SURVEY LINE
A-952
A-825

N 02° 57' 44" W
1,853.23'

N 02° 57' 44" W
307.78'

POC PARCEL 142 PART1
FND 2" IRON PIPE

BOUDREAUX RD
(NO RECORD INFORMATION FOUND)
(60' ROW)

ELINOR ANN PYLE
CALLED 22.187 ACRES   N 02° 57' 44" W
HCCF G288157              1,545.45'
SEPTEMBER 29, 1979
O.P.R.R.P.H.C.

PT 2929+05.34

2930+00

2935+00

PAGE 10 OF 20



## CURVE TABLE

| NO. | DELTA | RADIUS | ARC | CHD BRG | CHD DIST |
|-----|-------|--------|-----|---------|----------|
| C1 | 44°59'54" LT | 756.78' | 594.35' | N 25°21'16" W | 579.19' |
| C2 | 32°18'09" RT | 776.78' | 437.94' | S 31°41'47" E | 432.16' |

STEPHEN VANSICKLE SURVEY
A-825

CC TELGE ROAD, LP.
(TRACT 1)
CALLED 617.6016 ACRES
HCCF 20100175659
APRIL 28, 2010
O.P.R.R.P.H.C.

MATCHLINE PAGE 12 OF 20

PROPOSED ROW LINE

TELGE ROAD (80' ROW)
COUNTY OF HARRIS
VOL 2473, PG 450, D.R.H.C.
JUNE 23, 1952
(EASEMENT FOR ROAD PURPOSES)

TELGE ROAD (80' ROW)

EXISTING ROW LINE

PROPOSED ROW LINE

STA 2912+34.69
O/S 235.00' LT
STAMPED "ADL" **

STA 2912+76.51
O/S 200.00' LT **

D=04°04'20" LT
R=22,718.32'
L=1,614.62'
CHB=N 83°28'54" E
CHD=1,614.28'

L = 1,212.82'

PROPOSED ROW &
ACCESS DENIAL
LINE

142 PART 1

TELGE ROAD (60' ROW)
COUNTY OF HARRIS
VOL 2473, PG 450, D.R.H.C.
JUNE 23, 1952
(EASEMENT FOR ROAD PURPOSES)

PROPOSED BASELINE
PI STA = 2916+86.36
N = 13,946,483.17
E = 3,025,956.24
D = 06°06'02" LT.
R = 22,918.32'
T = 1,221.28'
L = 2,440.26'
CHB = N 84°29'46" E
CHD = 2,439.11'
PC STA = 2904+65.08
PT STA = 2929+05.34

EXISTING ROW LINE

FND 5/8" IR W/CAP

TELGE ROAD (60' ROW)

2910+00

MATCH BASELINE SEE PAGE 12 OF 19

SELPH ROAD
(VARIABLE WIDTH ROW)
SELPH ROAD
(VARIABLE WIDTH)
COUNTY OF HARRIS
VOL 2946, PG 623, D.R.H.C.
AUGUST 16, 1954

PROPOSED BASELINE
SH 99 (400' ROW)
HARRIS COUNTY FLOOD CONTROL DISTRICT
100' DRAINAGE EASEMENT CENTERED ON
MEANDERS OF WILLOW CREEK
VOL 1695, PG 621, D.R.H.C.
JULY 31, 1947

PARCEL 142 PARTS 1 & 2
ROW MONUMENTS
UNABLE TO SET DUE TO
RIGHT OF ENTRY DENIAL

MATCHLINE STATION 2914+00

PARCEL PLAT
SHOWING
PARCEL 142 PART 1
SH 99          HARRIS COUNTY
(GRAND PARKWAY-SEGMENT F-1)
RCSJ 3510-06-005
DECEMBER, 2011
SCALE: 1" = 100'

PAGE 11 OF 20

## LINE TABLE

| | | |
|-----|-------------|--------|
| L5 | N 02°45'45" W | 76.68' |
| L6 | S 54°13'56" E | 54.23' |

SCALE 1" = 100'

Exhibit "A"
Page 11 of 29



STEPHEN VANSICKLE SURVEY
ABSTRACT-825

SCALE 1" = 100'

0'    100'    200'    300'

TELGE ROAD (80' ROW)
COUNTY OF HARRIS
VOL 2473, PG 450, D.R.H.C.
JUNE 23, 1952
(EASEMENT FOR ROAD PURPOSES)

CC TELGE ROAD, LP.
(TRACT 1)CALLED 617.6016 ACRES
HCCF 20100175659
APRIL 28, 2010
O.P.R.R.P.H.C.

142 PART 1

PROPOSED ROW LINE

STA 2910+30.65
O/S 618.08' LT**

STA 2908+89.44
O/S 745.03' LT**

STA 2908+41.28
O/S 797.44' LT**

STA 2908+30.84
O/S 789.31' LT**

N 47° 44' 03" E    12.95'

D = 05° 34' 54" LT
R = 719.79'
L = 70.12'
CHB = S 45° 03' 24" E
CHD = 70.09'

S 50° 54' 186.93' 51" E

N 47° 53' 01" W
211.65.01" W

D=03° 52' 41"RT
R=676.78'
L=45.81'
CHB=N 45° 44' 11" W
CHD=45.80'

N 45° 44' 11" W

EXISTING ROW LINE

TELGE ROAD
(80' ROW)

EXISTING ROW LINE

PROPOSED ROW LINE

FND 5/8" IR

FND 5/8" IR

C1

C2

MATCHLINE PAGE 11 OF 20

PARCEL PLAT
SHOWING
PARCEL 142 PART 1
HARRIS COUNTY
SH 99
(GRAND PARKWAY-SEGMENT F-1)
RCSJ 3510-06-005
DECEMBER, 2011
SCALE: 1" = 100'

PAGE 12 OF 20

| NO. | DELTA | RADIUS | ARC | CHD BRG | CHD DIST |
|-----|-------|--------|-----|---------|----------|
| C1 | 44°59'54"LT | 756.78' | 594.35' | N 25°21'16" W | 579.19' |
| C2 | 32°18'09"RT | 776.78' | 437.94' | S 31°41'47" E | 432.16' |

CURVE TABLE



SELPH ROAD
(VARIABLE WIDTH ROW)
SELPH ROAD
(VARIABLE WIDTH)
COUNTY OF HARRIS
VOL 2946, PG 623, D.R.H.C.
AUGUST 16, 1954

STEPHEN
VANSICKLE SURVEY
A-825

PROPOSED BASELINE
SH 99 (400' ROW)

MATCHLINE BASELINE SEE PAGE 10 OF 19

0'   100'   200'   300'

SCALE 1" = 100'

2910+00

EXISTING ROW LINE

HARRIS COUNTY FLOOD CONTROL DISTRICT
100' DRAINAGE EASEMENT CENTERED ON
MEANDERS OF WILLOW CREEK
VOL 1695, PG 621, D.R.H.C.
JULY 31, 1947

FND 5/8" IR W/CAP

142 PART 1

MATCHLINE STATION 2914+00

STA 2912+76.01
O/S 200.00' RT

PROPOSED ROW &
ACCESS DENIAL LINE

PROPOSED ROW &
ACCESS DENIAL
LINE

L = 1,234.67'

TELGE ROAD (60' ROW)

STA=2912+05.77
O/S=390.12' RT
FND 2" IP BEARS
N 87° 00' 18" E - 0.73'

STA 2912+40.23
O/S 235.02' RT
STAMPED "ADL"

D=04° 04' 24" RT
R=23,118.32'
L=1,643.55'
CHB=S 83° 28' 56" W
CHD=1,643.21'

PROPOSED ROW LINE

STA 2912+35.51
O/S 390.84' RT

CC TELGE ROAD, LP.
(TRACT 1)
CALLED 617.6016 ACRES
HCCF 20100175659
APRIL 28, 2010
O.P.R.R.P.H.C.

(NO RECORD FOUND)

PARCEL 142 PARTS 1 & 2
ROW MONUMENTS
UNABLE TO SET DUE TO
RIGHT OF ENTRY DENIAL

JOHN HENRY FORD
CALLED 22.187 ACRES
HCCF G288157
SEPTEMBER 29, 1979
O.P.R.R.P.H.C.

PROPOSED BASELINE
PI STA = 2916+86.36
N = 13,946,483.17
E = 3,025,956.24
D = 06° 06' 02" LT.
R = 22,918.32'
T = 1,221.28'
L = 2,440.26'
CHB = N 84° 29' 46" E
CHD = 2,439.11'
PC STA = 2904+65.08
PT STA = 2929+05.34

| LINE TABLE | | |
|------|----------------|---------|
| L1 | S 41° 27' 07" W | 50.30' |
| L2 | S 02° 37' 40" E | 155.89' |
| L3 | S 87° 00' 18" W | 30.25' |
| L4 | N 74° 05' 25" E | 10.27' |
| L5 | N 02° 45' 45" W | 76.68' |

PARCEL PLAT
SHOWING
PARCEL 142 PART 1
SH 99              HARRIS COUNTY
(GRAND PARKWAY-SEGMENT F-1)
RCSJ 3510-06-005
DECEMBER, 2011
SCALE: 1" = 100'



STEPHEN VANSICKLE
SURVEY A-825

D=04°04'20" LT
R=22,718.32'
L=1,614.62'
CHB=N 83°28'54" E
CHD=1,614.28'

L = 1,212.82'

PROPOSED ROW & ACCESS DENIAL LINE    L = 1,212.82'

HARRIS COUNTY FLOOD CONTROL DISTRICT
EASEMENT CENTERED ON
DRAINAGE OF WILLOW CREEK,
100' MEANDERS PG 621, 1947
VOL 1695, JULY 31, D.R.H.C.

PROPOSED BASELINE
SH 99 (400' ROW)

142 PART 1

PROPOSED BASELINE
PT STA = 2916+66.36
N = 13,946,483.17
E = 3,025,956.24
D = 08° 09' 02" LT.
R = 22,918.32'
T = 1,221.28'
L = 2,440.26'
CHB = N 84° 29' 46" E
CHD = 2,439.11'
PC STA = 2904+65.08
PT STA = 2929+05.34

2920+00

L = 1,234.67'

D=04°04'24" RT
R=23,118.32'
L=1,643.55'
CHB=S 83°28'56" W
CHD=1,643.21'

PROPOSED ROW & ACCESS DENIAL LINE

2915+00

MATCHLINE STATION 2922+00

MATCHLINE STATION 2914+00

SCALE 1" = 100'

0'   100'   200'   300'

CC TELGE ROAD, LP.
(TRACT 1)
CALLED 617.6016 ACRES
HCCF 20100175659
APRIL 28, 2010
O.P.R.R.R.P.H.C.

PARCEL PLAT
SHOWING
PARCEL 142 PART 1
HARRIS COUNTY
SH 99
(GRAND PARKWAY-SEGMENT F-1)
RCSJ 3510-06-005
DECEMBER, 2011
SCALE: 1" = 100'

PAGE 14 OF 20

PARCEL 142 PARTS 1 & 2
ROW MONUMENTS
UNABLE TO SET DUE TO
RIGHT OF ENTRY DENIAL



STEPHEN VANSICKLE
SURVEY A-825

D-04°04'20" LT
R=22,718.32'
L=1,614.62'
CHB=N 83°28'54" E
CHD=1,614.26'

HARRIS COUNTY FLOOD CONTROL DISTRICT
EASEMENT CENTERED ON
WILLOW CREEK
D.R.H.C.
HARRIS DRAINAGE OF 621, 1947
100' MEANDERS OF
VOL 1695, JULY 31, 1947

L = 1,212.82'

CC TELGE ROAD, L.P.
(TRACT 1)
CALLED 617.6016 ACRES
HCCF 20100175659
APRIL 28, 2010
O.P.R.R.P.H.C.

PROPOSED ROW & ACCESS DENIAL LINE
L = 401.80'

STA 2925+00.00
O/S 200.00' LT
**

PROPOSED BASELINE
SH 99 (400' ROW)    2925+00

PROPOSED BASELINE
PI STA = 2916+86.36
N = 13,946,483.17
E = 3,025,956.24
D = 06°06'02" LT.
R = 22,916.32'
T = 1,221.28'
L = 2,440.26'
CHB = N 84°29'46" E
CHD = 2,439.11'
PC STA = 2904+65.08
PT STA = 2929+05.34

L = 408.88'

(142) PART1

MATCHLINE STATION 2928+00

L = 1,234.67'    PROPOSED ROW & ACCESS DENIAL LINE

D-04°04'24" RT
R=23,118.32'
L=1,643.55'
CHB=S 83°28'56" W
CHD=1,643.21'

STA 2925+00.00
O/S 200.00' RT
**

MATCHLINE STATION 2922+00

SCALE 1" = 100'

0'    100'    200'    300'

PARCEL 142 PARTS 1 & 2
ROW MONUMENTS
UNABLE TO SET DUE TO
RIGHT OF ENTRY DENIAL

PARCEL PLAT
SHOWING
PARCEL 142 PART 1
HARRIS COUNTY
SH 99
(GRAND PARKWAY-SEGMENT F-1)
RCSJ 3510-06-005
DECEMBER, 2011
SCALE: 1" = 100'

PAGE 15 OF 20

Exhibit "A"
Page 15 of 29



Exhibit "A"





# I. G. & N. RAILROAD
## SURVEY A-952

TEXACO, INC.
SALT WATER PIPELINE EASEMENT
(WIDTH UNSPECIFIED)
HCCF C250497, D.R.H.C.
SEPTEMBER 13, 1965
HCCF C250498, D.R.H.C.
DECEMBER 9, 1965
HCCF C250499, D.R.H.C.
DECEMBER 8, 1965

SCALE 1" = 100'

STA 2958+77.17
O/S 377.21' LT
**

HARRIS COUNTY FLOOD CONTROL DISTRICT
100' DRAINAGE EASEMENT CENTERED ON
MEANDERS OF WILLOW CREEK
VOL 1695, PG 618, D.R.H.C.
JULY 17, 1947

STA 2959+45.81
O/S 369.51' LT
**

CC TELGE ROAD, LP.
(TRACT 1)
CALLED 617.6016 ACRES
HCCF 20100175659
APRIL 28, 2010
O.P.R.R.P.H.C.

D=03° 25' 38" RT
R=23,118.32'
L=1,382.91'
CHB=N 84° 47' 17" E
CHD=1,382.70'

PROPOSED ROW & ACCESS DENIAL LINE    L = 1,094.42'

STA 2959+15.05
O/S 200.00' LT
**

| LINE TABLE | | |
|---|---|---|
| L1 | N 03° 31' 17" E | 180.28' |
| L2 | N 89° 21' 59" E | 70.18' |
| L3 | S 03° 31' 17" W | 172.35' |

STA 2958+44.47
O/S 200.00' LT
**

2960+00

## PROPOSED BASELINE SH 99 (VARIABLE WIDTH ROW)

(142) PART2

PROPOSED BASELINE
PI STA = 2963+86.43
N = 13,947,182.63
E = 3,030,606.30
D = 05° 36' 35" RT.
R = 22,918.32'
T = 1,122.86'
L = 2,243.92'
CHB = N 84° 15' 02" E
CHD = 2,243.02'
PC STA = 2952+63.57
PT STA = 2975+07.49

KERRON L. DUGAN
CALLED 5.334 ACRES
HCCF S480495
JUNE 2, 1997
O.P.R.R.P.H.C.

STA 2962+19.22
O/S 250.06' RT
**

PROPOSED ROW & ACCESS DENIAL LINE    711.25'

S 82° 04' 15" W    882.62'    R554011

N 84° 40' 07" W    782.96'    1,062.68'

STEVE SCOVILLE AND WIFE,
DEBORAH SCOVILLE
CALLED 9.855 ACRES
HCCF R434525
JUNE 9, 1995
O.P.R.R.P.H.C.

KERRON L. DUGAN
CALLED 5.137 ACRES
HCCF S480495
JUNE 2, 1997
O.P.R.R.P.H.C.

HOUSTON LIGHTING AND POWER COMPANY
10' ELECTRICAL DISTRIBUTION EASEMENT
HCCF R554011
JULY 28, 1995
O.P.R.R.P.H.C.

PARCEL 142 PARTS 1 & 2
UNABLE TO SET DUE TO
RIGHT OF ENTRY DENIAL

PAGE Exhibit "A"

MATCHLINE STATION 2958+00

MATCHLINE STATION 2965+00

HCCF C250497

HCCF R554011

### PARCEL PLAT
SHOWING
## PARCEL 142 PART 2
SH 99          HARRIS COUNTY
(GRAND PARKWAY-SEGMENT F-1)
RCSJ 3510-06-005
DECEMBER, 2011
SCALE: 1" = 100'



Exhibit 1
Page 19 of 29



SCALE 1' = 100'

0'  100'  200'  300'

PROPOSED ROW & ACCESS DENIAL LINE

LINE TABLE

| | | |
|---|---|---|
| L1 | S 02° 59' 26" E | 180.77' |

N 87° 03' 20" E

Pt 2975+07.49

2975+00

COUNTY OF HARRIS
CALLED 3.2862 ACRES
40' FEE STRIP
(BOUDREAUX ROAD OUTFALL)
HCCF B762066, D.R.H.C.
AUGUST 22, 1963

PARCEL 142 PARTS 1 & 2
ROW MONUMENTS
UNABLE TO SET DUE TO
RIGHT OF ENTRY DENIAL

PROPOSED ROW & ACCESS DENIAL LINE

PARCEL PLAT
SHOWING
PARCEL 142 PART 2
HARRIS COUNTY
SH 99
(GRAND PARKWAY-SEGMENT F-1)
RCSJ 3510-06-005
DECEMBER, 2011
SCALE: 1" = 100'

FND 5/8" IR

PAGE 20 OF 20

HCCF B762066

HCCF B762066

S 03° 06' 46" E   456.98'

D = 03° 25' 38"RT
R = 23,118.32'
L = 1,382.91'
CHB = N 84° 47' 17" E
CHD = 1,382.70'

L = 288.49'

L = 1,094.42'

PROPOSED BASELINE
SH 99
(VARIABLE WIDTH ROW)

142 PART 2

CC TELGE ROAD, LP.
(TRACT 1)
CALLED 617.6016 ACRES
HCCF 201000179659
APRIL 28, 2010
O.P.R.R.P.H.C.

I. G. & N. RAILROAD
SURVEY A-952

STA 2972+81.23
O/S 437.73' RT

STA 2970+00.00
O/S 200.00' LT

PROPOSED ROW
& ACCESS DENIAL LINE   279.72'

N 84° 40' 07" W
HCCF R554012

1,062.68'

MATCHLINE STATION 2970+00

PROPOSED BASELINE
PI STA = 2963+86.43
N = 13,947,182.63
E = 3,030,606.90
D = 05° 36' 35" RT.
R = 22,918.32'
T = 1,122.86'
L = 2,243.92'
CHB = N 84° 15' 02" E
CHD = 2,243.02'
PC STA = 2952+63.57
PT STA = 2975+07.49

HOUSTON LIGHTING AND
POWER COMPANY
10' ELECTRICAL
DISTRIBUTION EASEMENT
HCCF R554012
JULY 20, 1995
O.P.R.R.P.H.C.

STEVEN HARRY VER STEEG
AND SPOUSE,
JULIA M. VER STEEG
CALLED 13.00 ACRES
HCCF Y068826
OCTOBER 26, 2005
O.P.R.R.P.H.C.

Exhibit "A"
Page 20 of 29

County:    Harris
Highway:   Grand Parkway – SH 99
From:      South of US 290
To:        East of SH 249
CSJ:       3510-06-005
Parcel:    142 Parts 1 & 2 and 142TE Parts 1 & 2

## TEMPORARY EASEMENT CLAUSE

A TEMPORARY EASEMENT for the duration of 2 years from the date of commencement of work on said Temporary Easement for the purpose of reworking the existing drainage channel on the remainder to allow the proposed drainage facilities located inside the Grand Parkway right-of-way to flow into the existing Harris County Flood Control District Drainage Easement, along, upon and across the premises described in the following property description, with the temporary right and privilege of having ingress, egress, and regress in, along, upon, and across said tract of land for the purpose of reworking the existing drainage channel on the remainder to allow the proposed drainage facilities located inside the Grand Parkway right-of-way to flow into the existing Harris County Flood Control District Drainage Easement.

County:        Harris
Highway:       SH 99 (Grand Parkway – Segment F-1)
Project Limits: South of US-290 to East of SH-249
RCSJ:          3510-06-005

PROPERTY DESCRIPTION FOR PARCEL 142 (TE) Parts 1 & 2

Being a 1.735 acre (75,571 square feet) parcel of land situated in Harris County, Texas, located in the Stephen VanSickle Survey, Abstract Number 825, the I. G. & N. Railroad Survey, Abstract Number 952 and being out of a called 617.6016 acre tract described as Tract 1 in that Special Warranty Deed with Vendor's Lien from Capital Farm Credit, FLCA, a Federal Land Credit Association to CC Telge Road, L. P., executed April 28, 2010 and recorded in Clerk's File Number 20100175659 of the Official Public Records of Real Property of Harris County, Texas; said 1.735 of one acre parcel being more particularly described as follows:

PART 1
Being a 0.3566 acre (15,535 square feet) parcel of land more particularly described follows:

COMMENCING at a found 2 inch iron pipe which marks the southwest corner of a called 122.0685 acre tract described in that Warranty Deed from Betty Jean Doughtie to Betty Jean Doughtie, et al, executed February 8, 2010 and recorded in Clerk's File Number 20100051420 of the Official Public Records of Real Property of Harris County, Texas, in the existing north right-of-way line of Boudreaux Road (60 feet wide), and the southeast corner of a called 22.187 acre tract described in that Partition Deed from John Henry Ford and Ellis W. Ford to Elinor Ann Pyle, executed September 29, 1979 and recorded in Clerk's File Number G288157 of the Official Public Records of Real Property of Harris County, Texas; thence as follows:

North 02° 57' 44" West, along the west line of said called 122.0685 acre tract and the east line of said called 22.187 acre tract, passing at a distance of 1,545.45 feet the northeast corner of said called 22.187 acre tract, a southern exterior corner of said called 617.6016 acre tract, and continuing along the west line of said called 122.0685 acre tract and the east line of said called 617.6016 acre tract, passing at a distance of 1,853.23 feet a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap which marks the proposed south right-of-way line of SH 99 (400 feet wide) being on an Access Denial Line, and continuing along the west line of said called 122.0685 acre tract and the east line of said called 617.6016 acre tract, a total distance of 2,255.14 feet to a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap which marks the proposed north right-of-way line of said SH 99 being on an Access Denial Line;

Exhibit "A"
Page 22 of 29

South 81° 26' 44" West, along the proposed north right-of-way line of said SH 99 and said Access Denial Line, a distance of 194.08 feet to the beginning of a curve to the right;

Westerly, continuing along the proposed north right-of-way line of said SH 99 and said Access Denial Line, along said curve to the right, an arc length of 452.59 feet, a central angle of 01° 08' 29", a radius of 22,718.32 feet, a chord bearing of South 82° 00' 59" West, and a chord distance of 452.58 feet to the POINT OF BEGINNING of the herein described parcel having surface coordinates of N=13,946,799.74 and E=3,026,685.99;

1. THENCE, Westerly, continuing along the proposed north right-of-way line of said SH 99, said Access Denial Line, and along a curve to the right, having a central angle of 00° 54' 38", a radius of 22,718.32 feet, an arc length of 360.99 feet, a chord bearing of South 83° 02' 32" West, and a chord distance of 360.99 feet to a point in the proposed north right-of-way line of said SH 99 and being the southwest corner of the herein described parcel;

2. THENCE, North 67° 02' 57" East, departing the proposed north right-of-way line of said SH 99 and said Access Denial Line and crossing said 617.6016 acre tract, a distance of 114.73 feet to an angle point in the herein described parcel;

3. THENCE, North 68° 38' 48" East, continuing across said 617.6016 acre tract, a distance of 73.49 feet to an angle point in the herein described parcel;

4. THENCE, North 74° 19' 49" East, continuing across said 617.6016 acre tract, a distance of 129.49 feet to an angle point in the herein described parcel;

5. THENCE, North 68° 16' 10" East, continuing across said 617.6016 acre tract, a distance of 32.09 feet to the northeast corner of the herein described parcel;

6. THENCE, South 21° 43' 50" East, continuing across said 617.6016 acre tract, a distance of 80.33 feet to the POINT OF BEGINNING and containing 0.3566 of one acre (15,535 square feet) of land.

Exhibit "A"
Page 23 of 29

**PART 2**
Being a 1.378 acre (60,036 square feet) parcel of land more particularly described as follows:

COMMENCING at a found 1/2 inch iron rod which marks the most southerly southwest corner of said called 617.6016 acre tract in the east line of a called 106.296 acre tract described in that Warranty Deed with Vendor's Lien from Glen Bass to Jeffrey C. Holverson, executed November 25, 2003 and recorded in Clerk's File Number X221037 of the Official Public Records of Real Property of Harris County, Texas; thence as follows:

North 02° 58' 45" West, along the most southerly west line of said called 617.6016 acre tract and the east line of said called 106.296 acre tract, passing at a distance of 856.93 feet, a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap which marks an angle point in the proposed south right-of-way line of SH 99 (variable width) and an Access Denial Line continuing along the most southerly west line of said called 617.6016 acre tract, the east line of said called 106.296 acre tract, the proposed south right-of-way line of said SH 99 and said Access Denial Line, passing at a distance of 917.25 feet, a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap which marks an angle point in the proposed south right-of-way line of said SH 99 and said Access Denial Line and continuing along the most southerly west line of said called 617.6016 acre tract and the east line of said called 106.296 acre tract, for a total distance of 1,319.00 feet to a set 5/8 inch iron rod with a Texas Department of Transportation aluminum cap, being on an Access Denial Line and being a point of a curve to the right in the proposed north right-of-way line of said SH 99;

Easterly, along the proposed north right-of-way line of said SH 99 and said Access Denial Line, crossing said called 617.6016 acre tract and along said curve to the right, having a central angle of 01° 00' 19", a radius of 23,118.32 feet, an arc length of 405.60 feet, a chord bearing of North 82° 12' 51" East, and a chord distance of 405.59 feet to the southwest corner and the POINT OF BEGINNING of the herein described parcel having surface coordinates of N=13,947,284.04 and E=3,029,974.15;

1. THENCE, North 00° 35' 32" West, along the west line of the herein described parcel and continuing across said 617.6016 acre tract, a distance of 283.95 feet, to the northwest corner of the herein described parcel;

2. THENCE, North 89° 24' 28" East, along the north line of the herein described parcel and continuing across said 617.6016 acre tract, a distance of 269.38 feet, to the northeast corner of the herein described parcel;

Exhibit "A"
Page 24 of 29

3. THENCE, South 00° 35' 32" East, along the east line of the herein described parcel and continuing across said 617.6016 acre tract a distance of 253.95 feet, to the proposed north right-of-way line of said SH 99 and said Access Denial Line, the southeast corner of the herein described parcel and the beginning of a curve to the left;

4. THENCE, Easterly, along the proposed north right-of-way line of said SH 99 and said Access Denial Line, continuing across said called 617.6016 acre tract and along said curve to the left, having a central angle of 00° 18' 51", a radius of 23,118.32 feet, an arc length of 126.75 feet, a chord bearing of South 83° 13' 53" West, and a chord distance of 126.75 feet, to a point which marks the end said curve to the left in the proposed north right-of-way line of said SH 99 and said Access Denial Line;

5. THENCE, North 03° 31' 17" East, continuing along the proposed north right-of-way line of said SH 99 and said Access Denial Line, a distance of 172.35 feet, to point which marks an angle point in the proposed north right-of-way line of said SH 99 and the northeast interior corner of the herein described parcel;

6. THENCE, South 89° 21' 59" West, continuing along the proposed north right-of-way line of said SH 99 and said Access Denial Line, a distance of 70.18 feet, to a point which marks an angle point in the proposed north right-of-way line of said SH 99 and the northwest interior corner of the herein described parcel;

7. THENCE, South 03° 31' 17" West, continuing along the proposed north right-of-way line of said SH 99 and said Access Denial Line, a distance of 180.28 feet, to a point which marks the beginning of a curve to the left in the proposed north right-of-way line of said SH 99 and said Access Denial Line;

8. THENCE, continuing along the proposed north right-of-way line of said SH 99 and said Access Denial Line and along said curve to the left, having a central angle of 00° 10' 52", a radius of 23,118.32 feet, an arc length of 73.10 feet, a chord bearing of South 82° 48' 26" West, and a chord distance of 73.10 feet to the POINT OF BEGINNING and containing 1.378 acres (60,036 square feet) of land.

Exhibit "A"
Page 25 of 29

Notes:

All bearings and coordinates are based on the Texas State Plane Coordinate System, South Central Zone, North American Datum of 1983, 1993 adjustment. All distances and coordinates shown are surface and may be converted to grid by dividing by a combined adjustment factor of 1.00013.

A parcel plat of even date was prepared in conjunction with this property description.

** The monument described and set in this call may be replaced with a Texas Department of Transportation Type II right-of-way marker upon completion of the highway construction project under the supervision of a Registered Professional Land Surveyor, either employed or retained by the Texas Department of Transportation. Most 5/8 inch iron rod with a Texas Department of Transportation aluminum cap monuments within Parcel 142 Part 1 and Part 2 along proposed right-of-way lines and baseline were not set due to Right-of-Entry Denial.

Access is prohibited across the Access Denial Line to the highway facility from the remainder of the property abutting SH 99.

Revised May, 2013 to add Parcel 142(TE) Part 1.
Revised April, 2013 to decrease taking and added Title Commitment Note to plat, and modify the Access Denial Line for Parcel 142(TE) Part 2.

I, Ruben A. Calderon, hereby certify that the above description is true and correct and depicts a survey made on the ground under my supervision during the months of July to September 2011.

Ruben A. Calderon, RPLS    7/09/2013
Texas Registration Number 5109

RODS Surveying Inc.
6810 Lee Road
Spring, Texas 77379
Phone (281)-257-4020







STEPHEN VANSICKLE
SURVEY A-825

HARRIS COUNTY FLOOD CONTROL DISTRICT
100' DRAINAGE EASEMENT CENTERED ON
MEANDERS OF WILLOW CREEK
VOL 1695, PG 618, D.R.H.C.
JULY 17, 1947

CC TELGE ROAD, LP.
(TRACT 1)
CALLED 617.6016 ACRES
HCCF 20100175659
APRIL 28, 2010
O.P.R.R.P.H.C.

D=01°08'29"RT
R=22,718.32'
L=452.59'
CHB=S 82°00'59" W
CHD=452.58'

STA 2929+05.34
O/S 200.00' LT

S 81°26'44" W
194.06'

S 21°43'50" E
80.33'

PROPOSED ROW &
ACCESS DENIAL LINE

PROPOSED ROW & ACCESS DENIAL LINE

N 02°57'44" W   2,255.14'

ELINOR ANN PYLE
CALLED 22.187 ACRES
HCCF 0290157
SEPTEMBER 29, 1979
O.P.R.R.P.H.C.

POC PARCEL 142(TE)PT1
FND 2"IP

BETTY JEAN DOUGHTIE, ET AL
CALLED 122.0665 ACRES
HCCF 20100051420
FEBRUARY 8, 2010
(UNDIVIDED .4166 INTEREST)
O.P.R.R.P.H.C.

BOUDREAUX
ROAD
(60' ROW)
(NO RECORD
FOUND)

142 (TE)
PART 1

POB PARCEL 142(TE)PT1
N=13,946,799.74
E= 3,025,685.99
STA=2924+48.77
O/S=200.00' LT

PARCEL 142 PART 1 (TE)
ROW MONUMENTS
UNABLE TO SET DUE TO
RIGHT OF ENTRY DENIAL

PROPOSED BASELINE SH 99 (400' ROW)

PROPOSED BASELINE
PT STA = 2916+86.36
N = 13,946,483.17
E = 3,025,956.24
D = 06° 06' 02" LT.
T = 1,221.26'
L = 2,440.26'
CHB = N 84° 29' 46" E
CHD = 2,439.11'
PC STA = 2904+65.08
PT STA = 2929+05.34

2925+00

300'   200'   100'   0'

SCALE 1" = 100'

| LINE TABLE | | |
|---|---|---|
| L1 | N 67°02'57" E | 114.73' |
| L2 | N 65°36'48" E | 75.45' |
| L3 | N 74°19'49" E | 129.49' |
| L4 | N 66°16'10" E | 32.09' |

| CURVE TABLE | | | | | |
|---|---|---|---|---|---|
| NO. | DELTA | RADIUS | ARC | CHD BRG | CHD DIST |
| C1 | 00°54'38"RT | 22,718.32' | 360.99' | S 83°02'32" W | 360.99' |

PARCEL PLAT
SHOWING
PARCEL 142(TE)PART 1
HARRIS COUNTY
SH 99
(GRAND PARKWAY-SEGMENT F-1)
RCSJ 3510-06-005
JULY, 2012
SCALE: 1" = 100'

PAGE 7 OF 8



# I. G. & N. RAILROAD SURVEY A-952

SCALE 1" = 100'

TEXACO, INC.
SALT WATER PIPELINE EASEMENT
(WIDTH UNSPECIFIED)
HCCF C250497, D.R.H.C.
SEPTEMBER 13, 1965
HCCF C250498, D.R.H.C.
DECEMBER 8, 1965
HCCF C250499, D.R.H.C.
DECEMBER 8, 1965

⑭²
(TE)
PART2

N 89° 24' 28" E    269.38'

CC TELGE ROAD, LP.
(TRACT 1)
CALLED 517.5016 ACRES
HCCF 20100175659
APRIL 28, 2010
O.P.R.R.P.H.C.

S 89° 21' 59" W
70.18'

JEFFREY C. HOLVERSON
CALLED 106.296 ACRES
HCCF X221037
NOVEMBER 25, 2003
O.P.R.R.P.H.C.

POB PARCEL 142(TE)PT2
N=13,947,284.04
E= 3,029,974.15

D=01°00'19"RT
R = 23,118.32'
L=405.60'
CHB=N 82°12'51" E
CHD=405.59'

PROPOSED ROW & ACCESS DENIAL LINE

PROPOSED BASELINE
PI STA = 2963+86.43
N = 13,947,182.63
E = 3,030,606.30
D = 05° 36' 35" RT.
R = 22,918.32'
T = 1,122.86'
L = 2,243.92'
CHB = N 84° 15' 02" E
CHD = 2,243.02'
PC STA = 2952+63.57
PT STA = 2975+07.49

HARRIS COUNTY FLOOD CONTROL DISTRICT
100' DRAINAGE EASEMENT CENTERED ON
MEANDERS OF WILLOW CREEK
VOL 1695, PG 618, D.R.H.C.
JULY 17, 1947

| CURVE TABLE | | | | | |
|------|------------|------------|---------|--------------|----------|
| NO. | DELTA | RADIUS | ARC | CHD BRG | CHD DIST |
| C1 | 00° 18' 51" LT | 23,118.32' | 126.75' | S 83° 13' 53" W | 126.75' |
| C2 | 00° 10' 52" LT | 23,118.32' | 73.10' | S 82° 48' 26" W | 73.10' |

2960+00

## PROPOSED BASELINE SH 99 (400' ROW)

HUMBLE OIL & REFINING COMPANY
VOL 977, PG 32, D.R.H.C.
FEBRUARY 7, 1935
THE TEXAS COMPANY (TEXACO, INC.)
VOL 1025, PG 461, D.R.H.C.
AUGUST 24, 1936
HUMBLE OIL & REFINING COMPANY
VOL 1047, PG 613, D.R.H.C.
JANUARY 7, 1937

MAGNOLIA PIPE LINE COMPANY
VOL 1057, PG 68, D.R.H.C.
MAY 24, 1937
HUMBLE OIL & REFINING COMPANY
VOL 1275, PG 176, D.R.H.C.
MARCH 12, 1943
HUMBLE OIL & REFINING COMPANY
VOL 2666, PG 263, D.R.H.C.
AUGUST 25, 1943

KING AND HEYNE (PARTNERSHIP)
HCCF B124984, D.R.H.C.
NOVEMBER 12, 1959

HOUSTON LIGHTING AND POWER COMPANY
10' ELECTRICAL DISTRIBUTION EASEMENT
HCCF R554011, O.P.R.R.P.H.C.
JULY 28, 1995
HCCF R554011

PROPOSED ROW & ACCESS DENIAL LINE

HCCF C250497

STEVE SCOVILLE AND WIFE,
DEBORAH SCOVILLE
CALLED 9.855 ACRES
HCCF R434525
JUNE 9, 1995
O.P.R.R.P.H.C.

POC PARCEL
142(TE)PART2
FND 1/2" IR

| PARCEL PLAT |
| SHOWING |
| PARCEL 142(TE)PART 2 |
| SH 99          HARRIS COUNTY |
| (GRAND PARKWAY-SEGMENT F-1) |
| RCSJ 3510-06-005 |
| JULY, 2012 |
| SCALE: 1" = 100' |

Exhibit "A"
PAGE 8 OF 8